# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

## NOS. 14-4776 & 14-4777

LIANA REVOCK, EXECUTRIX OF THE ESTATE OF BARBARA WALTERS and JUDITH KROMENHOEK

### APPELLANTS

### V.

COWPET BAY WEST CONDOMINIUM ASSOCIATION; THE BOARD OF THE COWPET BAY WEST CONDOMINIUM ASSOCIATION; MAX HARCOURT; ALFRED FELICE; LANCE TALKINGTON; ROBERT COCKAYNE; VINCENT VERDIRAMO

### APPELLEES

Appeal from the
District Court of the Virgin Islands
Division of St. Thomas & St. John
District Court Civil Nos. 3:12-cv-24 & 3:12-cv-25

## BRIEF FOR APPELLEE LANCE TALKINGTON

Law Office of John H. Benham, P.C.
John H. Benham, Esq.
V.I. Bar No. 130
No. 1001 Frederiksberg Gade
P.O. Box 11720
St. Thomas, VI  00801-4720
Tel:  (340) 774-0673
Fax:  (800)948-1947
E-mail: john@benhamlawvi.com
Attorneys for Appellee Lance Talkington

# TABLE OF CONTENTS

**Page**

Table of Authorities -ii-

Statement of Subject Matter and
    Appellate Jurisdiction 1

Statement of the Issues Presented for Review 2

Statement of the Case 3

Summary of the Argument 6

Argument

I.    This Court is without jurisdiction of these appeals as the notices
of appeal filed December 17, 2014 do not identify the judgments which
the Plaintiffs seek review of in their brief. 8

II.    The District Court properly granted summary judgment in favor
of Talkington on Count V of Kromenhoek's Second Amended Complaint
holding that Talkington's statements posted on an internet blog did not
constitute interference with Kromenhoek's exercise of her rights under
the federal Fair Housing Act Amendments . 12

III.    The District Court did not err in applying Title 42 United States
Code section 1988 and the Virgin Islands survival statute to hold that
Walters' federal claims did not survive her death. 15

Conclusion 19

Certification of Bar Membership 19

Certification Pursuant to Federal Rule of Appellate Procedure 32(a)(7)
and Local Rule of Appellate Procedure 31.1(c) 20

Certificate of Service 20

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page**

*Community House, Inc. v. City of Boise, Idaho,*
2012 WL 368001, August 24, 2012 (D. Idaho 2012)                    17

*Elfman Motors, Inc. v. Chrysler Corp.,* 567 F.2d 1252 (3d Cir. 1977)    10

*Miller v. Apartments & Homes of New Jersey, Inc.*, 646 F.2d 101
(3d Cir.  1981)                                                          16

*Robertson v. Wegman,* 436 U.S. 584 (1978)                              17

*Sporn v. Ocean Colony Condominium Assoc.*, 173 F.Supp.2d 244
 (D.N.J. 2001)                                                          14

*Torres v. Oakland Scavenger Co.,* 487 U.S. 312 (1988)                  11

**Statutes**

28 U.S.C. §1291                                                           1

28 U.S.C. §1294                                                           1

28 U.S.C. §1331

42 U.S.C. §1988(a)                                                       16

42 U.S.C. §3617                                                          12

47 U.S.C. §230                                                          13

48 U.S.C. §1612(a)                                                        1

**Statutes continued**

5 V.I.C. §77                                                      15

**Other authorities**
Federal Rule of Appellate Procedure 3(c)                          9

## STATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION

The District Court of the Virgin Islands exercised subject matter jurisdiction over both of these actions pursuant to Title 28 United States Code, section 1331 (federal question), and section 22 of the Revised Organic Act of 1954. *48 U.S.C. §1612(a)*.

This Court's appellate jurisdiction over final judgments of the District Court of the Virgin Islands is exercised pursuant to Title 28 United States Code, sections 1291 and 1294. The issue of appellate jurisdiction is contested and addressed in this Brief.

## <u>STATEMENT OF THE ISSUES PRESENTED FOR REVIEW</u>

This statement is limited to the question of this Court's jurisdiction over these appeals, and the issues presented by the claims made against Defendant Lance Talkington ("Talkington").

***Walters, Appeal No. 14-4776 and Kromenhoek, Appeal No. 14-4777***: Whether this Court has jurisdiction over these appeals. *Order, March 24, 2015.*

***Kromenhoek, Appeal No. 14-4777:***   Whether the District Court properly granted summary judgment in favor of Defendant Lance Talkington ("Talkington"), holding that Talkington did  not interfere with Kromenhoek's rights as protected by the federal Fair Housing Act Amendments.  *J.A., Vol.  I at 149-155.*

***Walters, Appeal No. 14-4776:*** Whether the District Court properly held that Walters' claims for relief under the federal Fair Housing Act Amendments did not survive Walters' death. *J.A., Vol. I at 13-22.*

## STATEMENT OF THE CASE

Appellee Lance Talkington accepts the Appellants' Statement of the Case as an adequate summary of the underlying facts for purposes of this appeal. The following summary recounts the various opinions and judgments of the District Court of the Virgin Islands in both the *Kromenhoek* and *Walters* actions.

On May 27, 2014 the District Court convened a hearing to receive arguments on all pending motions in both actions. The result of this hearing was that the District Court ruled from the bench that:

- summary judgment was granted as to all defendants except the deceased defendants Alfred Felice ("Felice") and Max Harcourt ("Harcourt") in the Kromenhoek litigation on all claims based on federal law;
- the federal claims in the Walters litigation did not survive Walters' death; and
- the court declined to exercise supplemental jurisdiction in either case over the claims based on Virgin Islands law, and dismissed those claims without prejudice.

*J.A., Vol. II at 2520-2522.* The District Court specifically withheld any ruling as to the deceased defendants Felice and Harcourt. *Id. at 2517.* Both cases were removed from the trial docket, but no written opinions or judgments were entered for an extended time. On November 18, 2014, approximately six months after the rulings from the bench, the District Court issued a lengthy opinion addressing the summary judgment issues in the *Kromenhoek* action. This opinion and judgment was

–3–

docketed only in the *Kromenhoek* case file. *J.A., Vol. I at 29-74.* The judgment briefly referred to the motions in Walters being denied as moot, but contained no other statements regarding the Walters litigation. *J.A., Vol. I at 76.* The judgment did not address the claims against Felice or Harcourt. No opinion or judgment was filed on the Walters docket at that time.

On December 17, 2014 notices of appeal were filed in both cases by plaintiffs' counsel. *J.A., Vol. I at 1-4.* On December 23, 2014 the District Court entered a text-only order vacating the November 18, 2014 opinion and judgment in Kromenhoek. *J.A., Vol. II at 51.* Immediately thereafter, on December 24, 2014, the Third Circuit clerk issued an order directing all parties to state their position as to the effect of this order on the pending appeals. All parties responded to the Court, but no further order was issued prior to briefing of the merits, the parties instead being directed to address the issue of appellate jurisdiction in their respective briefs.

On December 24, 2014, the District Court issued a memorandum opinion and judgment in *Kromenhoek*, granting summary judgment in favor of Talkington, the association and the defendant board members. *J.A. at 121-165.* Simultaneous with this ruling, the District Court entered a separate opinion and judgment in *Kromenhoek,* in favor of Max Harcourt and Alfred Felice, two defendants who had died during the course of the litigation. *Id. at 166- 186.*

–4–

On January 2, 2015, the District Court issued an opinion and judgment in the *Walters* case. *J.A. at 5-28.* This opinion held that Walters' federal claims did not survive her death, and dismissed those claims against Talkington and all other defendants. *Id. at 13-22.* The court then declined to exercise supplemental jurisdiction over the claims based on Virgin Islands law. *Id. at 25.* This ruling was the only judgment entered in the *Walters* case, and resolved all claims amongst all parties in both cases.

Neither Walters nor Kromenhoek filed any further notices of appeal subsequent to the notices filed on December 17, 2014.

## SUMMARY OF THE ARGUMENTS

This summary of arguments addresses only those issues which implicate the judgments rendered in favor of Talkington by the District Court.

**(1) Appellate jurisdiction:**      Talkington submits that this Court has jurisdiction to entertain the appeals filed by Kromenhoek and Walters. The only notices of appeal were filed on December 17, 2014, each specifying that the appeals were taken from the District Court's grant of summary judgment entered on November 18, 2014.  This summary judgment order was never a final judgment in *Kromenhoek*, and was subsequently vacated by the District Court.  No judgment was entered in *Walters* until January 2, 2015, and no notice of appeal from this judgment was ever filed.

**(2) Kromenhoek summary judgment:** The only claim against Talkington was the assertion that his statements on an internet blog interfered with Kromenhoek's exercise of her right to a reasonable accommodation under the federal Fair Housing Act Amendments.  The entirety of the internet blog postings were presented to the District Court in Talkington's motion for summary judgment.  The District Court properly held that mere expressions of disagreement with the Plaintiff on an internet blog cannot constitute interference with her right to a reasonable accommodation.

**(3) Walters dismissal:** The District Court properly applied Title42 United States Code section 1988, and the Virgin Islands survival statute, and determined that Walters' claims under the federal Fair Housing Act Amendments did not survive her death.

## ARGUMENT

**I.    This Court is without jurisdiction of these appeals as the notices of appeal filed December 17, 2014 do not identify the judgments which the Plaintiffs seek review of in their brief.**

The notices of appeal filed December 17, 2014 are identical in their content.

The Walters notice of appeal states:

> **NOTICE IS HEREBY GIVEN** that pursuant to 28 U.S.C. §1291, Plaintiff, Barbara Walters, hereby appeals to the United States Court of Appeals for the Third Circuit from an order entered by the District Court of the United States Virgin Islands on November 18, 2014, (Docket No. 224) granting Defendants their motions for summary judgment.

*J.A., Vol. I at 1.*

The Kromenhoek notice of appeals states:

> **NOTICE IS HEREBY GIVEN** that pursuant to 28 U.S.C. §1291, Plaintiff, Judith Kromenhoek, hereby appeals to the United States Court of Appeals for the Third Circuit from an order entered by the District Court of the United States Virgin Islands on November 18, 2014, (Docket No. 224) granting Defendants their motions for summary judgment.

*J.A., Vol. I at 3.*

Federal Rule of Appellate Procedure 3 specifies the procedure for taking an appeal, including the content of a notice of appeal.  The relevant portion of Rule 3 states:

   (c)  Contents of the Notice of Appeal.

      (1)  The notice of appeal must:

         (A) specify the party or parties taking the appeal by naming each one in the caption or body of the notice, but an attorney representing more than one party may describe those parties with such terms as "all plaintiffs," "the defendants," "the plaintiffs A, B, et al.," or "all defendants except X";

         **(B)  designate the judgment, order, or part thereof being appealed;** and

         (C)  name the court to which the appeal is taken.

*Fed.R.App.P. 3(c).* (emphasis supplied).

Neither of the notices of appeal designate the judgments which Walters and Kromenhoek now challenge on appeal.  Instead, each notice designates a non-final summary judgment order entered only in the *Kromenhoek* action, which was subsequently vacated by the District Court.  On appeal, Kromenhoek seeks  reversal of the District Court's two separate summary judgment orders entered on December 24, 2014. *See Brief for Appellants at Arguments II & III, pages 11 - 22.*  The Walters appeal seeks reversal of the District Court's judgment entered January 2, 2015 which held that Walters' claims under the federal Fair Housing Act Amendments did not survive her death.  *Id. at Argument IV, pages 22-27.*

Rule 3's requirement that the notice of appeal "designate the judgment, order, or part thereof being appealed" is jurisdictional.  This Court is without "jurisdiction to review other judgments or portions thereof not so specified or otherwise fairly to

be inferred from the notice as intended to be presented for review on the appeal."
*Elfman Motors, Inc. v. Chrysler Corp.,* 567 F.2d 1252, 1254 (3d Cir. 1977)(citations
omitted). It cannot be inferred from either of the notices of appeal in this record that
either Kromenhoek or Walters intended the District Court's subsequent rulings to be
reviewed on these appeals.

The Walters notice of appeal refers to a non-final summary judgment ruling
filed in the Kromenhoek action. Summary judgment was never granted as to any
defendant in the Walters case. The District Court's final judgment, entered January
2, 2015, was a dismissal of the federal claims on the basis that they did not survive
Walters' death, and the decision not to exercise supplemental jurisdiction over the
claims based on local Virgin Islands law. *J.A., Vol. I at 5-28.* The District Court
specifically refrained from any ruling on the pending summary judgment motions in
the Walters decision, determining that it first had to decide the survival issue. *Id. at
13.* It cannot be fairly inferred from the Walters notice of appeal that the January 2,
2015 judgment was to be reviewed in this appeal.

Likewise, the Kromenhoek notice of appeal cannot be construed to permit
review of the two summary judgment rulings entered on December 24, 2014. The
District Court's summary judgment entered November 18, 2014 was not a final
judgment as it did not resolve all claims as to all parties. The claims of Kromenhoek

-10-

as to either Felice or Harcourt, the two deceased defendants were not addressed in the November 18, 2014 decision. Subsequently the November 18 decision was vacated, and the District Court issued two new opinions and judgment on December 24, 2014. *J.A., Vol I at 121-186.* Kromenhoek now seeks appellate review of both those December 24 rulings, but has never designated them as the subject of her appeal.

The requirements of Rule 3 are jurisdictional in nature, and a party's failure to comply with the rule precludes the appellate court from exercising jurisdiction. The rules are not to be applied in a hypertechinical fashion, "[b]ut although a court may construe the Rules liberally in determining whether they have been complied with, it may not waive the jurisdictional requirements of Rules 3 and 4, even for "good cause shown" under Rule 2, if it finds that they have not been met." *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 316 (1988).[1]

These appeals should be dismissed as the notices of appeal fail to comply with Rule 3 and this Court lacks jurisdiction to review judgments which are not designated in the notices of appeal.

---

1.    The specific defect at issue in *Torres*, the failure to name the party taking the appeal, has since been altered by the 1993 revision to Rule 3(c)(4), which now provides "[a]n appeal will not be dismissed ... for failure to name a party whose intent to appeal is otherwise clear from the notice." This does not impact the overall holding of *Torres* that compliance with Rule 3 is jurisdictional.

**II.   The District Court properly granted summary judgment in favor of Talkington on Count V of Kromenhoek's Second Amended Complaint holding that Talkington's statements posted on an internet blog did not constitute interference with Kromenhoek's exercise of her rights under the federal Fair Housing Act Amendments .**

**Standard of review:** This Court's review is plenary as to the District Court's grant of summary judgment.

The Appellant's Brief devotes one paragraph of argument to challenging the District Court's grant of summary judgment to Talkington. *Appellants' Brief at 21.* This limited argument is unavailing.

Kromenhoek alleged that statements posted on the Cowpet Bay West Blog, an internet blog maintained by Talkington, interfered with her exercise of her rights under the Fair Housing Act Amendments ("FHAA"). *J.A., Vol. II at 285; Second Amended Complaint at ¶¶ 130-136.* Kromenhoek claimed that the statements published on the blog were a violation of section 3617 of the FHAA. Section 3617 of the federal Fair Housing Act Amendments states as follows:

> It shall be unlawful to coerce, intimidate, threaten, or **interfere** with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

*42 U.S.C. §3617* (emphasis supplied). Kromenhoek's claims of interference were based solely on the statements posted by Talkington, and others, on the blog.

Talkington moved the District Court to enter summary judgment on the FHAA claim, and all claims based on local Virgin Islands law. *J.A., Vol. II at 1870 - 1954.* As to both the FHAA claim and the local law claims, the summary judgment motion argued that Talkington was immune from liability for the statements posted by other persons on the blog. *Id. at 1886-87.* This immunity is provided by the provisions of the federal Communications Decency Act. *47 U.S.C. §230.* Kromenhoek did not challenge this position in opposing the motion, and counsel conceded at oral argument that the only statements at issue were those blog postings authored by Talkington himself. *Transcript of argument, May 27, 2014; J.A., Vol. II at 2452-53.*

Included as an exhibit to Talkington's summary judgment motion were print outs of all Cowpet Bay West Blog postings that in any way discussed or referred to the dog dispute. *J.A., Vol. II at 1900-54.* The District Court examined all of the blog postings, noting that "[t]he content written by Talkington himself seems geared towards discussing whether dogs should be allowed in the community, and how to best draft a bylaw provision that would allow service animals for the disabled". *J.A., Vol. 1 at 150.* The District Court concluded that:

> "A review of Talkington's blog posts and comments attributable to Talkington does show that he was certainly not friendly with Kromenhoek. None of these comments or posts, however, rises to the level of interference and threatening behavior...."

*J.A., Vol. 1 at 153.*

In short, the FHAA is not intended to encompass ordinary quarrels among neighbors. As stated by another district court:

> Section 3617 does not, however, purport to impose a code of civility on those dealing with individuals who have exercised their FHA rights. Simply put, §3617 does not require that neighbors smile, say hello or hold the door for each other. To hold otherwise would be to extend §3617 to conduct it was never intended to address and would have the effect of demeaning the aims of the Act and the legitimate claims of plaintiffs who have been subjected to invidious and hurtful discrimination and retaliation in the housing market.

*Sporn v. Ocean Colony Condominium Assoc.*, 173 F.Supp.2d 244, 251-52 (D.N.J. 2001). The same cautionary approach is applicable in this matter - mere disagreements and petty disputes do not rise to the level of interference with rights protected by the FHAA.

Finally, the abbreviated argument contained in the Appellants' Brief contains the same allegations as were contained in the Kromenhoek complaint, that have been demonstrated to be false. The argument asserts that Talkington had "direct access to the medical records of Kromenhoek", implying that Talkington wrongfully viewed private medical information of Kromenhoek. That is false, and was refuted by Mr. Talkington's unchallenged affidavit in support of the motion for summary judgment. *Affidavit of Lance Talkington at ¶¶ 11 & 12; J.A., Vol. II at 1901.*

-14-

**III.    The District Court did not err in applying Title 42 United States Code section 1988 and the Virgin Islands survival statute to hold that Walters' federal claims did not survive her death.**

**Standard of review:** The District Court's ruling on this issue of law is subject to plenary review by this Court.

The Plaintiff Barbara Walters died on April 22, 2014, during the pendency of this matter before the District Court.    Counsel for Walters moved to substitute Barbara Walters' daughter, Liana Walters Revock, in her stead as Plaintiff.[2] Talkington opposed the motion for substitution before the District Court, contending that:

> - Liana Walters Revock could not be substituted as a party since at that time she was not appointed as a representative of Waters' estate;
>
> - that Walters' claims based on Virgin Islands law did not survive her death; and
>
> - that Walters' claims based on alleged violations of the federal Fair Housing Act Amendments did not survive her death.

*J.A., Vol. II at 2558-68.*  The District Court only ruled on the final issue, holding that Walters' claims based on the FHAA did not survive her death. *J.A., Vol. I at 13-25.*[3]

---

2.    For the sake of simplicity, the name "Walters" is used in lieu of the name of her executrix in this argument.

3.    Although the District Court did not address the survival of the Virgin Islands local claims, it is clear that none of those claims for emotional injuries survived Waters' death.  The Virgin Islands survival statute only preserves claims for "physical injuries".  *5 V.I.C. §77.*

-15-

The FHA contains no provisions addressing the survival of claims, nor is there any Third Circuit precedent addressing survival of claims under the FHA or FHAA. Instead, the District Court's analysis was guided by the language of Title 42 United States Code, section 1988(a), the current version of which states as follows:

> **(a) Applicability of statutory and common law**
> The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of titles 13, 24, and 70 of the Revised Statutes for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; <u>but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause,</u> and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

*42 U.S.C. §1988* (emphasis added).   On its face, application of section 1988(a) is limited to the provisions of titles 13, 24 and 70 of the Revised Statutes.   The Fair Housing Act, which was not enacted until 1968, is concededly not within the express language of section 1988(a).   However, federal courts have broadly applied section 1988(a)  as applicable generally to "civil rights" claims, and have not limited its application to only those recited provisions of the old Revised Statutes.   *See Miller*

*v. Apartments & Homes of New Jersey, Inc.*, 646 F.2d 101, 107-08 (3d Cir. 1981).

Pursuant to section 1988, the law of the Virgin Islands should be applied to this action, unless application of local law would be "inconsistent with the Constitution and laws of the United States". Whether local law is consistent with federal law is determined by examination of the particular federal statute, and the policies expressed in the statute. *Robertson v. Wegman*, 436 U.S. 584, 590-91 (1978). The underlying policies expressed in the FHA and the FHAA are "to deter unlawful discriminatory conduct with respect to housing and provide compensation to those injured". *Community House, Inc. v. City of Boise, Idaho,* 2012 WL 368001, August 24, 2012 at *4 (D. Idaho 2012). However, as stated by the Supreme Court, "[t]he goal of compensating those injured by a deprivation of rights provides no basis for requiring compensation of one who is merely suing as the executor of the deceased's estate". *Robertson v. Wegman*, 436 U.S. 584, 592 (1978). Further, a "state statute cannot be considered 'inconsistent' with federal law merely because the statute causes the plaintiff to lose the litigation". *Id.* at 593.

Resort to federal common law is only justified in those circumstances where local law is inconsistent with federal law. The FHAA does not contain any survivorship provisions, nor are the FHAA's underlying policies of deterring unlawful discrimination in housing served by the pursuit of a claim for damages

-17-

against Talkington as Talkington is not a housing provider.  The mere fact that the plaintiff loses as the result of application of Virgin Islands law does not make Virgin Islands law inconsistent with federal law.

## CONCLUSION

Appellee Lance Talkington prays this Court to enter judgment affirming the judgments of the District Court of the Virgin Islands in both the *Walters* and *Kromenhoek* appeals.


Date: December 14, 2015            /s/John H. Benham_____
                                   JOHN H. BENHAM
                                   V.I. Bar No. 130
                                   Law Office of John H. Benham, P.C.
                                   No. 1001 Frederiksberg Gade
                                   P.O. Box 11720
                                   St. Thomas, VI  00801-4720
                                   Tel:  (340) 774-0673
                                   Fax:  (800) 948-1947
                                   Attorneys for Appellee
                                   Lance Talkington


## CERTIFICATION OF BAR MEMBERSHIP

It is hereby certified that the undersigned is a member in good standing of the bar of this Court.

/s/ John H. Benham_____
John H. Benham

**<u>CERTIFICATION PURSUANT TO FEDERAL RULE
OF APPELLATE PROCEDURE  32(a)(7) AND LOCAL RULE OF
APPELLATE PROCEDURE 31.1(c)</u>**

The undersigned hereby certifies that the word count of this Brief of Appellees is 3906 words.  It is further certified that the text of the electronic Brief is identical to all paper copies filed and served, and that a virus check of the electronic brief was performed using Microsoft Security Essentials and the electronic brief is free from any virus.

/s/John H. Benham_____
John H. Benham

**<u>CERTIFICATE OF SERVICE</u>**

IT IS HEREBY CERTIFIED That on the 14th  day of December 2015, I, the undersigned, electronically filed the foregoing Brief for Appellee Lance Talkington using the CM/ECF system, and on December 15, 2015 caused a true and correct copy to be served by regular U.S. Mail, first-class postage pre-paid, upon:

Karin A. Bentz, Esq.
5332 , Suite 8
St. Thomas, VI 00802
kbentz@virginlaw.com

Richard P. Farrelly, Esq.
Birch de Jongh & Hindels, PLLC
1330 Taarneberg
St. Thomas, VI 00802
rfarrelly@bdhlawvi.com

Joseph G. Riopelle, Esq.
Boyd Richards Parker & Colonnelli, P.L.
Rivergate Tower Suite 1150
400 N. Ashley Drive
Tampa, FL 33602
jriopelle@boydlawgroup.com

Ryan S. Meade, Esq.
Quintairos, Prieto, Wood & Boyce, P.A.
9300 South Dadeland Blvd., 4th Floor
Miami, FL 33156
rmeade@qpwblaw.com

Mark J. Gross, Esq.
April J. Anderson, Esq.
United States Dept. of Justice
Civil Rights Division, Appellate Section
Ben Franklin Station
P.O. Box 14403
Washington, DC 20044-4403

/s/ John H. Benham
John H. Benham