Nos. 14-4776 & 14-4777

# In the United States Court of Appeals for the Third Circuit

## LIANA REVOCK, EXECUTRIX OF THE ESTATE OF BARBARA WALTERS and JUDITH KROMENHOEK

Appellants,

vs.

## COWPET BAY WEST CONDOMINIUM ASSOCIATION; THE BOARD OF THE COWPET BAY WEST CONDOMINIUM ASSOCIATION; MAX HARCOURT; ALFRED FELICE; LANCE TALKINGTON; ROBERT COCKAYNE; VINCENT VERDIRAMO

Appellees.

ON APPEAL FROM THE DISTRICT COURT OF THE VIRGIN ISLANDS,
DIVISION OF ST. THOMAS & ST. JOHN
NOS.  3:12-cv-24 & 3:12-cv-25
HON. CURTIS V. GOMEZ, PRESIDING

### RESPONSE BRIEF OF ALFRED FELICE, DECEASED

Kyle R. Waldner, Esq.
V.I. Bar No. 1038
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
9300 South Dadeland Blvd.. 4th Floor
Miami, FL 33156
o. 340.693.0230
f. 340.693.0300
kwaldner@qpwblaw.com

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................ i

TABLE OF AUTHORITIES ............................................................... iii

STATEMENT OF SUBJECT MATTER AND

APPELLATE JURISDICTION ..............................................................1

STATEMENT REGARDING ORAL ARGUMENT ...............................1

STATEMENT OF THE ISSUES............................................................2

STATEMENT OF THE CASE................................................................2

   A.   Factual Background.................................................................2

   B.   Procedural Background ...........................................................4

STATEMENT OF RELATED PROCEEDINGS.....................................6

STANDARD OF REVIEW ....................................................................6

SUMMARY OF THE ARGUMENT ......................................................7

ARGUMENT .......................................................................................10

I.   This Court lacks jurisdiction over the purported appeal against Felice since Appellants' Notices of Appeal filed December 17, 2014 do not identify the judgments Appellants appeal herein............................................10

II.   This appeal must be dismissed due to Felice's death during the District Court proceedings and Appellants' failure to substitute a proper party in his stead during those proceedings....................................................24

III.   The District Court properly granted summary judgment in favor of Felice on Kromenhoek's claim for violation of her rights under section 3617 of the federal Fair Housing Act Amendments. ......................................................27

IV.   The District Court did not err in finding that Walters' federal claims did not survive her death..........................................................................33

V. The District Court properly exercised its discretion in declining to exercise supplemental jurisdiction over Appellants' local law claims........................38

CONCLUSION ......................................................................................39

CERTIFICATE OF BAR MEMBERSHIP..............................................40

CERTIFICATE OF COMPLIANCE RE: WORD COUNT ...................40

CERTIFICATE OF COMPLIANCE RE: E-BRIEF ...............................40

CERTIFICATE OF COMPLIANCE RE: VIRUS CHECK...................40

CERTIFICATE OF SERVICE ..............................................................41

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## Cases

*Air Line Pilots Ass'n Int'l v. Texas Int'l Airlines, Inc.*,
567 F. Supp. 78 (S.D. Tex. 1983) ................................................................25

*Annulli v. Panikkar*,
200 F.3d 189 (3d Cir.1999) ...........................................................................38

*Bloch v. Frischholz*,
587 F.3d 771 (7th Cir. 2009) .........................................................................28

*Bollman Hat Co. v. Root*,
112 F.3d 113 (3d Cir. 1997) ..........................................................................32

*Castillo–Rodriguez v. INS*,
929 F.2d 181 (5th Cir.1991) ..........................................................................19

*Chaka v. Lane*,
894 F.2d 923 (7th Cir.1990) ..........................................................................14

*Community House, Inc. v. City of Boise, Idaho*,
2012 WL 3686001 (D. Idaho 2012) ..............................................................36

*Creque v. Luis*,
803 F.2d 92 (3d Cir. 1986) ..............................................................................7

*De Asencio v. Tyson Foods, Inc.*,
342 F.3d 301 (3d Cir. 2003), *as amended* (Nov. 14, 2003)............................7

*Dream Palace v. County of Maricopa*,
384 F.3d 990 (9th Cir. 2004) .........................................................................32

*EF Operating Corp. v. Am. Bldgs.*,
993 F.2d 1046 (3d Cir. 1993) ........................................................................35

*Elfman Motors, Inc. v. Chrysler Corp.*,
567 F.2d 1252 (3d Cir.1977) .........................................................................13

*Flieger v. Delo*,
    12 F.3d 766 (8th Cir.1993) ................................................................. 19

*Giles v. Kearney*,
    571 F.3d 318 (3d Cir. 2009) ................................................................. 7

*Gooding v. Warner–Lambert Co.*,
    744 F.2d 354 (3d Cir.1984) ................................................................. 14

*Gov't of Virgin Islands v. Mills*,
    634 F.3d 746 (3d Cir. 2011) ................................................... 18, 19, 20

*Harris v. City of Philadelphia*,
    35 F.3d 840 (3d Cir. 1994) ............................................................. 31, 32

*Honce v. Vigil*,
    1 F.3d 1085 (10th Cir. 1993) ............................................................... 28

*Jacobs v. Heck*,
    364 F. App'x 744 (3d Cir. 2010) ............................................. 13, 14, 15

*Marshall v. Lancarte*,
    632 F.2d 1196 (5th Cir.1980) ............................................................. 19

*Michigan Central R. Co. v. Vreeland*,
    227 U.S. 59, 33 S.Ct. 192, 57 L.Ed.2d 417 (1913) ............................ 35

*Miller v. Apartments & Homes of New Jersey, Inc.*,
    646 F.2d 101 (3d Cir. 1981) ............................................................... 35

*Moor v. County of Alameda*,
    411 U.S. 693 (1973) ............................................................................ 34

*Murray v. Commercial Union Ins. Co.*,
    782 F.2d 432 (3d Cir.1986) ................................................................ 14

*Nawrocki v. Twp. of Coolbaugh*,
    34 F. App'x 832 (3d Cir. 2002) ........................................................... 18

*Petrella v. Kashlan*,
    826 F.2d 1340 (3d Cir. 1987) ............................................................... 7

*Polonski v. Trump Taj Mahal Assocs.*,
    137 F.3d 139 (3d Cir.1998) ....................................................13, 15, 21

*Reilly v. City of Atlantic City*,
    532 F.3d 216 (3d Cir.2008) ...............................................................6

*Robertson v. Wegmann*,
    436 U.S. 584 (1978)...................................................................35, 36

*Scherer v. Kelley*,
    584 F.2d 170 (7th Cir.1978) ..............................................................19

*Schneider v. Colegio de Abogados de P.R.*,
    917 F.2d 620 (1st Cir.1990)...............................................................19

*Scott v. Univ. of Delaware*,
    601 F.2d 76 (3d Cir. 1979) ...............................................................35

*Shea v. Smith*,
    966 F.2d 127 (3d Cir.1992) ...............................................................14

*Smith–Bey v. Petsock*,
    741 F.2d 22 (3d Cir.1984) ................................................................14

*Smith v. Barry*,
    502 U.S. 244 (1992).......................................................................20

*Sporn v. Ocean Colony Condominium Assoc.*,
    173 F.Supp.2d 244 (D.N.J. 2001)...................................................30, 33

*Steam Press Holdings, Inc. v. Hawaii Teamsters & Allied Workers
    Union, Local 996*,
    302 F.3d 998 (9th Cir. 2002) .............................................................32

*Torres v. Oakland Scavenger Co.*,
    487 U.S. 312 (1988)...................................................................19, 20

*United States v. Elias*,
    921 F.2d 870 (9th Cir. 1990) .............................................................32

*Zobrest v. Catalina Foothills School Dist.*,
    509 U.S. 1 (1993)..........................................................................31

## Statutes

28 U.S.C. § 1291 ........................................................................10, 12

28 U.S.C. § 1331 ...............................................................................1

28 U.S.C. § 1367 ...........................................................................38

42 U.S.C. § 1988 .......................................................................34, 35

42 U.S.C. § 3601 .........................................................................4, 36

42 U.S.C. § 3604 .........................................................................4, 16

42 U.S.C. § 3617 ............................. 11, 12, 16, 17, 18, 28, 30, 31, 33

48 U.S.C. § 1612(a) .........................................................................1

5 V.I. §77.........................................................................................37

## Other Authorities

Fed.R.App.P. 3(c)(1)(B) ..................................................................12

Fed.R.App.P. 4(a)(2) ...................................................................22, 24

Fed.R.App.P. 42 ...........................................................................21

Fed.R.App.P. 42(a)(1) ..................................................................25

Fed.R.App.P. 42(a)(3) ..................................................................25

Fed.R.App.P. 43 .......................................................................25, 26

Fed.R.Civ.P. 25 ........................................................................24, 25

Fed.R.Civ.P. 42 .............................................................................4

Fed.R.Civ.P. 56(c).........................................................................7

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

9300 SOUTH DADELAND BOULEVARD, 4TH FLOOR, MIAMI, FL 33156 ♦ T: (305) 670-1101 ♦ F: (305) 670-1161 ♦ WWW.QPWBLAW.COM

## STATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION

The District Court of the Virgin Islands exercised subject matter jurisdiction over both *Walters v. Cowpet Bay West Condominium Association, et al.* (Case No.: 3-12-cv-00024-CVG-RM) (the "Walters matter") and *Kromenhoek v. Cowpet Bay West Condominium Association, et al.* (Case No.: 3:12-cv-00025-CVG-RM) (the "Kromenhoek matter") pursuant to Title 28 United States Code, section 1331 (Federal Question), and section 22 of the Revised Organic Act of 1954. 48 U.S.C. §1612(a).

This Court's appellate jurisdiction over final judgments of the District Court of the Virgin Islands is exercised pursuant to Title 28 United States Code, sections 1291 and 1294. However, as discussed below, this Court does not have jurisdiction over the instant Appeals.

## STATEMENT REGARDING ORAL ARGUMENT

Respondent respectfully requests Oral Argument of this case as such would be beneficial to the Court's review of the matters contained in this appeal.

## STATEMENT OF THE ISSUES

I.    Whether this Court has jurisdiction over the appeals by Appellants Judith Kromenhoek and Barbara Walters on the claims made against Alfred Felice, deceased, where Appellants' respective Notices of Appeal filed December 17, 2014 do not identify the judgments disposing of the claims against Felice.

II.   Whether this appeal must be dismissed due to Felice's death during the District Court proceedings and Appellants' failure to substitute a proper party in his stead during those proceedings.

III.  Whether the District Court properly granted summary judgment in favor of Felice, holding that Felice did not interfere with Kromenhoek's rights as protected by the federal Fair Housing Act Amendments.  JAVI 166-186.

IV.   Whether the District Court properly held that Walters' claims for relief under the federal Fair Housing Act Amendments did not survive Walters' death.  JAVI 5-28.

V.    Whether the District Court was within its discretion in declining to exercise supplemental jurisdiction over Appellants' state law claims.

## STATEMENT OF THE CASE

### A.    Factual Background

Judith Kromenhoek and Barbara Walters each owned condominium units in the Cowpet Bay West Condominium complex ("Cowpet"), a condominium community located on St Thomas, United States Virgin Islands.  JAVI 6; 167.[1]

Kromenhoek and Walters both had dogs on the premises. JAVI 7-8; 168-169.

---

[1] References to the Joint Appendix, Volume One will be cited as follows: JAVI __ (page number). References to the Joint Appendix, Volume Two will be cited as follows: JAVII __ (page number).

Cowpet policy, however, prohibited them from doing so.  JAVI 7-8; 168-169; JAVII 570.

At some time around September 2011 and continuing through mid-2012, discussions regarding Cowpet owners' pet ownership appeared on an internet blog website devoted to discussions of issues relating to the Cowpet condominium. JAVII 1900; 1902-1941. Felice occasionally participated in these internet discussions.  JAVII 1902-1941.

In March 2012, Walters and Kromenhoek ultimately submitted to the Cowpet Board their respective requests for accommodation to have dogs on the premises.  JAVII 517; 592-605; 607-611; 612-614.  On March 26, 2012 the Cowpet Board reviewed these respective applications and approved the requested accommodations.  The Cowpet Board also agreed to waive any fines assessed to Walters and Kromenhoek for violation of the "No Dog Policy" in the Cowpet Bylaws. JAVII 519; 592-606; 612-614.  Walters or Kromenhoek were never prevented from accessing or using their units or any common areas at any time with the accompaniment of their dogs.  JAVII 613; 1901.

On April 9, 2012, Kromenhoek initiated this action against Alfred Felice, deceased ("Felice"), the Cowpet Association, the Cowpet Association, and other individual residents and members of the Cowpet Board.  JAVII 54-158.

## B.    Procedural Background

On April 9, 2012, Kromenhoek and Walters filed separate lawsuits in the U.S. District Court of the Virgin Islands ("District Court") against Cowpet Bay West Condominium Association (the "Cowpet Association") and the Board of the Cowpet Bay West Condominium Association (the "Cowpet Board"), and various Cowpet residents, including Vincent Verdiramo, Robert Cokayne, Lance Talkington, Max Harcourt, and Felice.   JAVII 54-158.   Each filed a 22-count, unverified Amended Complaint on June 19, 2012.  JAVII 175-209; 265-298.

In their Amended Complaints, Kromenhoek and Walters alleged claims under the Fair Housing Act, 42 U.S.C. § 3601, *et seq*., the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3604, and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*., and a variety of other claims under local law. JAVII 175-209; 265-298.  The Kromenhoek and Walters matters were later joined pursuant to Fed. R. Civ. P. 42, for the specific purpose of resolving the various dispositive motions filed by the defendants.

Felice died in 2012 while these matters were pending before the District Court.  JAVII 165.  No party was substituted into his stead prior to the entry of the District Court's final judgment.  JAVII 15; 19.

Walters died on or about April 22, 2014 during the pendency of this action. JAVII 22.

On May 27, 2014, the District Court held a hearing on all pending motions in both actions. JAVII 49-50. The District Court ruled from the bench that: summary judgment was granted as to all defendants except the deceased defendants, Felice and Max Harcourt, on all federal claims; and the court declined to exercise supplemental jurisdiction in either case over the claims based on Virgin Islands law, and dismissed those claims without prejudice. JAVII 2520-2522. The District Court specifically withheld any ruling as to the deceased defendants Felice and Harcourt. JAVII 2517.

On November 18, 2014, the District Court issued an opinion addressing the summary judgment issues in the Kromenhoek matter. This opinion and judgment was docketed only in the Kromenhoek matter. JAVI 29-74. The judgment did not address the claims against Felice. [2]

On December 17, 2014, plaintiffs' counsel filed notices of appeal in both matters. JAVI 1-4.

On December 23, 2014 the District Court entered a text-only order vacating the November 18, 2014 Memorandum Opinion and Judgment in the Kromenhoek matter. JAVII 51.

---

[2] On November 19, 2014, the District Court entered an Amended Memorandum Opinion that "correct[ed] inadvertent scrivener errors contained in the Memorandum Opinion docketed at ECF No. 223" and made "[n]o substantive changes" thereto. JA 77-120.

On December 24, 2014, the District Court issued a memorandum opinion and judgment in the Kromenhoek matter, granting summary judgment in favor of all defendants except the deceased defendants. JAVI 121-165.  The District Court then entered a separate opinion and judgment in the Kromenhoek matter in favor of Felice and Harcourt, the deceased defendants. JAVI 166- 186.

On January 2, 2015, the District Court issued a memorandum opinion and judgment in the Walters matter. JAVI 5-28. The District Court held that Walters' federal claims did not survive her death, and dismissed those claims against all defendants. JAVI 13-22. The District Court then declined to exercise supplemental jurisdiction over the claims based on Virgin Islands law. JAVI 25.

Neither Walters nor Kromenhoek filed any further notices of appeal subsequent to the notices filed on December 17, 2014.

## STATEMENT OF RELATED PROCEEDINGS

There are no related cases or proceedings at this time.

## STANDARD OF REVIEW

This Court exercises *de novo* review over an argument alleging a lack of appellate jurisdiction. *Reilly v. City of Atlantic City,* 532 F.3d 216, 223 (3d Cir.2008). To the extent that this Court does have jurisdiction to entertain this

appeal, it exercises plenary review over a trial court's grant of summary judgment. *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). This Court shall "apply the same test the district court should have utilized initially." *Id.* "A court may grant summary judgment only when the record 'shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(c)). "A court may grant summary judgment only when the record 'shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(c)). Further, this Court exercises plenary review over questions of law, *Petrella v. Kashlan*, 826 F.2d 1340, 1343 (3d Cir. 1987), and statutory construction, *Creque v. Luis*, 803 F.2d 92, 93 (3d Cir. 1986). Finally, this Court reviews the District Court's failure to exercise supplemental jurisdiction over state law claims for abuse of discretion. *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 311 (3d Cir. 2003), *as amended* (Nov. 14, 2003).

## <u>SUMMARY OF THE ARGUMENT</u>

This Court lacks jurisdiction over the purported appeal against Felice since Appellants' Notices of Appeal filed December 17, 2014 do not identify the judgments Appellants appeal herein. In their respective Notices of Appeal, Kromenhoek and Walters specified that the sole aim of their appeals was a certain

District Court order granting summary judgment in favor of numerous defendants to this action, but not Felice. That is the only order that Kromenhoek and Walters have ever appealed. Thereafter, the District Court entered separate memorandum opinions and judgments disposing of Kromenhoek and Walters' claims against Felice. Neither Walters nor Kromenhoek has ever taken an appeal from those opinions/judgments. Accordingly, this Court lacks appellate jurisdiction to review the District Court's opinions and judgments entered as to Felice.

As a further matter, Felice is dead and Appellants did not succeed in substituting a proper party in his stead during the proceedings before the District Court. As such, this appeal must be dismissed for want of an appellee. The further arguments on the merits of this appeal are made in an abundance of caution should this Court find jurisdiction (and Felice's participation herein) to be proper.

The District Court properly granted summary judgment in favor of Felice on Kromenhoek's claim under section 3617 of the federal Fair Housing Act Amendments. As to Felice, Kromenhoek claimed only that certain statements posted on an internet blog and emails to other Cowpet residents constituted interference with the exercise of her rights under the law. However, the District Court correctly found that such communications reflected at most a disagreement between neighbors and are thus not actionable under the law.

Further, the District Court properly applied 42 U.S.C. § 1988, and the Virgin Islands survival statute and correctly found that Walters' federal claims under the Fair Housing Act Amendments did not survive her death.

Finally, the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over Appellants' local law claims.

## ARGUMENT

**I.     This Court lacks jurisdiction over the purported appeal against Felice since Appellants' Notices of Appeal filed December 17, 2014 do not identify the judgments Appellants appeal herein.**

**A.     Procedural History**

**1.     Disposal and appeal of Kromenhoek's claims**

On November 18, 2014, the District Court entered an opinion and judgment granting judgment as a matter of law in favor of Defendants Verdiramo, Cokayne, Talkington, the Cowpet Association, and the Cowpet Board as to Kromenhoek's federal claims against them. JAVI 29-76. The opinion and judgment did not address the claims against Felice.

On December 17, 2014, Kromenhoek filed a Notice of Appeal of the foregoing judgment. JAVI 3-4. Kromenhoek's Notice of Appeal provides in full as follows:

> NOTICE IS HEREBY GIVEN that pursuant to 28 U.S.C. § 1291, Plaintiff, Judith Kromenhoek, hereby appeals to the United States Court of Appeals for the Third Circuit from **an order entered by the District Court of the United States Virgin Islands on November 18, 2014, (Docket No. 224)** granting Defendants their Motions for Summary Judgment.

JAVI 3. (emphasis added). This is the only Notice of Appeal that Kromenhoek filed in this matter.

On December 23, 2014, the District Court vacated the November 18, 2014 opinion and judgment. JAVII 51.  The next day, on December 24, 2014, the District Court entered a new opinion and judgment in favor of Defendants Verdiramo, Cokayne, Talkington, the Cowpet Association, and the Cowpet Board as to the federal claims asserted against them. JAVI 121-165.  In its December 24, 2014 opinion, the District Court specifically noted that "[t]he Court does not address any of the claims, federal or local, as against Harcourt or Felice in this Memorandum Opinion. Such claims are the subject of a separate, forthcoming opinion." JAVI 162.

On December 24, 2014, the District Court entered a separate opinion and judgment in favor of Felice and Harcourt as to Kromenhoek's federal claims against them under 42, U.S.C. § 3617, and declined to exercise supplemental jurisdiction over Kromenhoek's local law claims. JAVI 166-186.

### 2.     Disposal and appeal of Walters' claims

Despite the fact that the District Court's November 18, 2014 Memorandum Opinion and Judgment (JAVI 29-76) was entered only in the Kromenhoek matter (V.I. Dist. Ct. Civil No. 2012-25), on December 17, 2014, Walters also filed a Notice of Appeal as to that decision.  JAVI 1-2.

Walters' Notice of Appeal provides in full as follows:

> NOTICE IS HEREBY GIVEN that pursuant to 28 U.S.C. § 1291, Plaintiff, Barbara Walters, hereby appeals to the United States Court of Appeals for the Third Circuit from **an order entered by the District Court of the United Stated Virgin Islands on November 18, 2014, (Docket No. 224)** granting Defendants their Motions for Summary Judgment.

JAVI 1 (emphasis added).  This is the only Notice of Appeal that Walters filed in this matter.

On December 23, 2014, the District Court vacated its November 18, 2014 decision "as being entered prematurely."  JAVII 51.

On January 2, 2015, the District Court entered an opinion and judgment in the Walters matter in favor of Defendants Felice and Harcourt as to Walters' federal claims against them under 42, U.S.C. § 3617, finding that those claims did not survive Walters' death.  JAVI 5-28.  The District Court declined to exercise supplemental jurisdiction over Walters' local law claims.  JAVI 5-28.

## B.    Argument

This Court may not review the District Court's Judgments and Opinions entered as to Felice since neither was specified in the Appellants' respective Notice of Appeal. Pursuant to federal rules, a notice of appeal "must ... designate the judgment, order, or part thereof being appealed." Fed.R.App.P. 3(c)(1)(B). While the Court construes this rule liberally, it will only exercise appellate jurisdiction over orders not specified in the notice of appeal where: "(1) there is a connection

between the specified and unspecified orders; (2) the intention to appeal the unspecified order is apparent; and (3) the opposing party is not prejudiced and has a full opportunity to brief the issues." *Polonski v. Trump Taj Mahal Assocs.,* 137 F.3d 139, 144 (3d Cir.1998).

The Third Circuit's application of the foregoing test in its recent opinion of *Jacobs v. Heck* is instructive. 364 F. App'x 744 (3d Cir. 2010). There, the appellant specified only one order in his notice of appeal. *Id*. at 746. That order denied the appellant's motion for appointment of counsel. *Id*. This Court was called upon to determine whether it had appellate jurisdiction to review a number of other unspecified orders, including an order denying a second motion for counsel, an order denying a motion for new trial, an order denying prison official witnesses, an order dismissing certain defendants, and orders granting summary judgment for other defendants. *Id.*

The Third Circuit determined that it had jurisdiction over certain of the orders unspecified in the notice of appeal, but not others:

> We find that the requisite connection does not exist between the order specified in Jacobs' notice of appeal and the order dated January 15, 2004 dismissing defendants White and Sasway; the order dated February 27, 2004 granting summary judgment for defendants Tatum, Boyles, Johnson, Winstead, Buck and Cammeron; and the order dated June 3, 2003 granting Dr. Hamad summary judgment. *See Elfman Motors, Inc. v. Chrysler Corp.,* 567 F.2d 1252, 1254 (3d Cir.1977)

> (notice of appeal specifying orders entered in favor *747 of three defendants did not bring up for review unspecified earlier order granting summary judgment in favor of two other defendants; noting cases where the requisite connection exists).

*Id.* at 746-47. The Third Circuit further distinguished cases where the order specified in the notice of appeal was connected to the unspecified order in that the specified order caused the unspecified order to become appealable (which is not the case here):

> Significantly, the order denying Jacobs' motion for appointment of counsel was non-appealable when entered. It became appealable when the District Court entered judgment in favor of the remaining defendant following the jury trial, as that order finally disposed of the case as to all claims and all parties. *See Smith–Bey v. Petsock,* 741 F.2d 22, 26 (3d Cir.1984). Jacobs' notice of appeal is thus not like the one in *Shea v. Smith,* 966 F.2d 127, 129 (3d Cir.1992), which specified the *final* order in the case (entered in favor of the last two remaining defendants). In *Shea* and like cases, the Court held that a notice of appeal specifying a final order is sufficient to bring up an unspecified earlier order for review because, relevantly, the earlier order could not have been appealed until the final order was entered. *See, e.g., Murray v. Commercial Union Ins. Co.,* 782 F.2d 432, 434–35 (3d Cir.1986); *Gooding v. Warner–Lambert Co.,* 744 F.2d 354, 357 n. 4 (3d Cir.1984). In those cases, the specified order was connected to the unspecified order in that the specified order caused the unspecified order to become appealable. That connection does not exist where, as here, the specified order is not the final order in the case. *Cf. Chaka v. Lane,* 894 F.2d 923, 925 (7th Cir.1990) (notice of appeal that specifies order that was

> interlocutory and non-appealable when entered limits
> appeal to questions raised by that order).

*Id*. at 747. The Third Circuit ultimately found that the appellant—by noticing only the order denying his motion for appointment of counsel—demonstrated an intent to appeal only the orders denying the motion for counsel and motion for new trial, and that the intention to appeal the other unspecified orders was not apparent:

> Returning to the test we enunciated in *Polonski,* we find
> apparent Jacobs' intent to appeal the District Court's order
> denying his April 2004 motion for appointment of
> counsel. We note that this motion sought the assistance
> of counsel in conducting discovery. We thus find a
> connection to Jacobs' claims that problems he had in the
> course of discovery (following this denial) were due to
> the District Court's failure to appoint counsel. We also
> liberally construe the notice, which was filed after Jacobs
> lost at trial, to assert that the outcome of the trial would
> have been different if counsel had been appointed. Our
> decision to review these issues does not prejudice
> appellee Heck, as he has chosen to respond to all the
> issues that Jacobs briefed.

364 F. App'x 744, 746-47.

In this case, neither of the notices of appeal designate the judgments that Walters and Kromenhoek challenge on appeal.  Nor may the notices be deemed to incorporate those judgments since: (1) there is no connection between the specified and unspecified judgments; (2) Appellants did not make apparent any intention to appeal the unspecified judgments disposing the claims against Felice; and (3) prejudice would result if this appeal is permitted to proceed as to Felice, who is

deceased and for whom no proper party has been properly substituted to represent his interests.

First, there is no connection between the November 18, 2014 judgment that Appellants appealed and the later orders actually disposing of the claims against Felice. For example, the November 18, 2014 judgment disposed of the federal claims against Defendants Talkington, the Cowpet Association, and the Cowpet Board, granting summary judgment on the merits of Appellants' claims for (i) violation of FHA 42 U.S.C. § 3604(f)(3)(b) against the Cowpet Association and Board; (ii) violation of 42 U.S.C. § 3617 against the Cowpet Association and Board; (iii) violation of 42 U.S.C. § 3617 against Talkington; and (iv) violation of Americans with Disabilities Act Against the Cowpet Association and Board. The District Court also dismissed the remaining local law claims against the Board, the Association, Verdiramo, Cockayne, and Talkington, as the Court chose not to exercise its supplemental jurisdiction over those claims.

Significantly, the November 18, 2014 opinion does not deal with *any* of the claims against Felice.  In fact, that opinion expressly provides that "[t]he Court does not address any of the claims, federal or local, as against … Felice" and that "[s]uch claims are the subject of a separate, forthcoming opinion." JAVI 162 (footnote 10).

Further, there is no substantive connection between the judgments Appellants now seek to appeal and the earlier judgment named in their notices of appeal. As provided above, the November 18, 2014 opinion (in Kromenhoek) dealt with claims against *other* defendants on their merits. In contrast, the decisions adjudicating the claims against Felice concern separate parties, facts and circumstances.  In fact, in Walters' matter, the District Court does not even reach the merits of the dispute, instead dismissing her claims against Felice on the basis that they do not survive her death.

As for Kromenhoek's claims against Felice, they are based in facts distinct from her claims against the other defendants. For example, Kromenhoek complains of certain emails and online communications by Felice that the District Court found to be "arguably cruel and insensitive," but were better characterized as a quarrel between neighbors or isolated acts of discrimination than conduct violating [42 U.S.C. § 3617]."  JAVI 179-181.  These emails/communications by Felice were not at issue in the November 18, 2014 opinion.  As such, there is no connection between the opinions disposing Appellants' claims against Felice and the judgment they originally appealed from.

Second, Appellants have not manifested any intention to appeal the opinions disposing Appellants' claims against Felice. Again, the issues decided in the opinion from which Appellants took their appeal do not involve the same claims,

facts, or even parties as the issues in the opinion adjudicating the claims against Felice. And in the Walters matter, the District Court determined that her claims did not survive her death. There is nothing in the respective Notices of Appeal that evidence any intent to take issue with that decision.

Appellants will suggest that it is "clear" on the face of the notices of appeal that they always intended to appeal the dismissal of the claims as to Felice.[3]  This argument is nonsensical, since Appellants' notices expressly isolate one single order that Appellants sought to appeal – *i.e.*, the "order entered by the District Court of the United States Virgin Islands on November 18, 2014, (Docket No. 224) granting Defendants [not including Felice] their Motions for Summary Judgment." JAVI 1-4.  Those notices likewise include no language suggesting that Appellants intended to appeal all other orders entered in the case.[4]

In their Reply, Appellants may rely upon *Gov't of Virgin Islands v. Mills*, 634 F.3d 746, 751 (3d Cir. 2011), which found that "[t]he purpose of a notice of appeal … is to notify the court of appeals and the opposing party that an appeal is

---

[3] For example, see Appellants Barbara Walters and Judith Kromenhoek's Opposition to Felice's Motion to Dismiss Appeal, Doc.: 003112073945, at page 4.

[4] It should be noted that Appellants did not take a "premature" appeal of the orders disposing of the claims against Felice; they did not appeal them *at all*.  Cf. *Nawrocki v. Twp. of Coolbaugh*, 34 F. App'x 832, 835 (3d Cir. 2002) (this court has appellate jurisdiction over prematurely filed appeals so long as the appeal ripens before any action is taken.)

being taken." (Quotation omitted.) The *Mills* Court, however, provides Appellants

cold comfort, finding that

> a notice of appeal that fails to strictly comply with the
> judgment-designation requirement will nevertheless be
> deemed adequate if, "'in light of all the circumstances,'"
> *FirsTier*, 498 U.S. at 276 n. 6, 111 S.Ct. 648 (quoting
> *Torres*, 487 U.S. at 316, 108 S.Ct. 2405), **it is
> reasonably clear which judgment the party seeks to
> appeal**. *See Foman*, 371 U.S. at 181–82, 83 S.Ct. 227;
> *Torres*, 487 U.S. at 322–23, 108 S.Ct. 2405 (Brennan, J.,
> dissenting); *Castillo–Rodriguez v. INS*, 929 F.2d 181,
> 183–84 (5th Cir.1991) ("[A] party does not forfeit the
> right to appeal by designating the wrong judgment as
> long as it is clear which judgment the party intends to
> appeal."). This means that as long as the judgment the
> party intends to appeal is **fairly discernible**, a notice of
> appeal will be deemed sufficient even though it
> references **the wrong case number**, *see Marshall v.
> Lancarte*, 632 F.2d 1196, 1197 (5th Cir.1980); *Scherer v.
> Kelley*, 584 F.2d 170, 174–75 (7th Cir.1978), or **the
> wrong judgment date**, *see Flieger v. Delo*, 12 F.3d 766,
> 770 (8th Cir.1993); *Schneider v. Colegio de Abogados de
> P.R.*, 917 F.2d 620, 630 (1st Cir.1990).

*Id.*, at 751-52 (emphasis added). Here, it is unclear how Appellants' notices of

appeal demonstrate their intent to appeal the later dismissal of the claims against

Felice. Appellants did not merely state "the wrong case number" or "the wrong

judgment date." The orders that disposed the claims against Felice did not even

*exist* yet. There is simply no language in the notices of appeal that would suggest

that Appellants sought to appeal any order dealing with the claims against Felice.

Third, but not least, prejudice would result if this appeal is permitted to proceed as to Felice. As an initial matter, a lack of prejudice will not save a notice of appeal that totally fails to comply with the rules. *Mills*, at 752; *Smith v. Barry*, 502 U.S. 244, 248 (1992); *Torres v. Oakland Scavenger Co*., 487 U.S. 312, 317 (1988). Nevertheless, real prejudice does exist here.

First, there is no "appellee" here because Felice is deceased and Appellants did not succeed in substituting a proper party in his stead during the proceedings before the District Court. Those defects have, to date, not been remedied. Indeed, no rule or law would allow Appellants to substitute a potential appellee as real party in interest for a deceased party that did not die during the pendency of the appeal.[5] Indeed, for this reason alone, this appeal should be dismissed since there is technically no "appellee" standing in Felice's shoes.

Further, Appellants attempted twice to substitute a personal representative for Felice while this matter was before the District Court, and were denied each time, by Orders dated June 14, 2013 (JAVII 15) and March 7, 2014 (JAVII 19). Appellants did not identify either of these Orders in their respective Notice of Appeal. Nor did Appellants move to alter or amend those Orders in any way. In

---

[5] Substitution is procedurally improper at this stage. More specifically, no rule or law allows an appellant to substitute a potential appellee as real party in interest for a deceased party where that party did not die during the pendency of the appeal and proper substitution was not effected at the trial level.

any case, Appellants were not able to properly effect substitution while this matter was pending before the District Court.  It is simply too late to do so now. As such, Appellants' appeal—as a simple matter of procedure—may not proceed as to Felice. That Felice's insurer continues to spend money in defense of the improper claims against their deceased insured (including this improper appeal) under such circumstances is prejudice enough.

Additionally, citing Fed.R.App.P. 42, Appellants also seek to deem Rosemary Felice, Felice's wife, to be his "personal representative" against her will. Ms. Felice, is 82, suffers from diabetes, and does not reside in St. Thomas (and is not otherwise subject to the long-arm jurisdiction of the District Court).  She has not been appointed, nor has ever volunteered to be, Felice's "personal representative" for this action, or for any other purpose, and has not been adjudicated by any court to be Felice's "personal representative" for any purpose. Appellants had sought to substitute Rosemary Felice into this action multiple times while this case was before the District Court, but were rebuffed each time. Appellants may not do so now.

In sum, each factor in the *Polonski* test supports a ruling that this Court should not exercise jurisdiction over the orders adjudicating the claims against Felice that were not specifically designated in Appellants' Notices of Appeal.

Because there is no appellate jurisdiction over Felice, the purported appeal against him must be dismissed.

Finally, in an attempt to show they took a timely appeal of the Felice dismissal order, Appellants may suggest that the decision on the Felice claims was first orally announced from the bench on May 27, 2014.[6]  Appellants might further suggest that their notices of appeal would then "relate forward" and ripen upon the District Court's entry of its written final judgment pursuant to Fed.R.App.P. 4(a)(2).[78] This doctrine does not apply here.

First, the District Court did not announce any decision to dismiss the claims against Felice orally on May 27, 2014. To the contrary, the District Court expressly stated at the May 27, 2014 hearing that the issues as to Felice and Max Harcourt were reserved and would be dealt with separately on account of their deaths.   The District Court ruled, in pertinent part, as follows:

> THE COURT:    Well, with respect to the living or existing entities who are in the action, there has been disposition of their matters. **With respect to those who are either not living and where there is no finality as**

---

[6] For example, see Appellants Barbara Walters and Judith Kromenhoek's Opposition to Felice's Motion to Dismiss Appeal, Doc.: 003112073945, at page 3.

[7] See, Appellants Barbara Walters and Judith Kromenhoek's Opposition to Felice's Motion to Dismiss Appeal, Doc.: 003112073945, at pages 4-5.

[8] Fed.R.App.P. 4(a)(2) provides that "[a] notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry."

**to their representative, there's no conclusion with
them just yet.** So you have said summary judgment with
respect to Max Harcourt. There is no summary judgment
with respect to Max Harcourt, and I will take that under
advisement. What we need to do is resolve -- with respect
to Harcourt and Felice, that's why I don't think Attorney
Meade said too much today.    I suspect you'll get the
same relief if certain things are ironed out, but we want
to look at that a little bit further before the Court
concludes on how we go about dealing with Harcourt and
Felice. I think right now, if I'm not mistaken, there's a
limited appearance with respect to Felice. There's also a
motion to dismiss filed by Attorney Meade.  So we'll see
where we end up. There significantly has been nothing
done with respect to your client, other than a suggestion
of death. Now with respect -- for logistical purposes, with
respect to the trial, there will be no trial. I think the only
thing we need to figure out is Harcourt and Felice. And
I'll take the parties' briefs on what, if any, implications
today's rulings have on them, what we should do in terms
of substantive matters; but before we get to that, what we
need to do in terms of process. That is: Are they properly
subject to process in this court. Are there any hoops that
need to be addressed? Has there been anything that's
been lost because of the failure to go through whatever
hoops might be necessary? **I suspect that's at the
bottom of the Felice motion to dismiss that still
remains pending.**

JAVII 2517-2518 (emphasis added).

In sum, at the May 27, 2014 hearing, the District Court announced its

forthcoming ruling as to certain claims/Defendants, but *expressly* stated that Felice

and Harcourt would be dealt with separately at a later time.  On November 18,

2014, the District Court entered its written opinion memorializing its ruling as to

those certain claims/Defendants, but not Felice.  Kromenhoek and Walters then specifically appealed that order, and that that order *only*.  Thereafter, the District Court entered its opinions granting judgment on the claims against Felice. Appellants' notices were unquestionably filed prior to the rulings that they now (belatedly) seek to incorporate into this appeal.  As such, Appellants may find no recourse in Fed.R.App.P. 4(a)(2).

For all of the foregoing reasons, the purported appeal against Felice must be dismissed for lack of appellate jurisdiction.

### II.     This appeal must be dismissed due to Felice's death during the District Court proceedings and Appellants' failure to substitute a proper party in his stead during those proceedings.

Even if this Court finds jurisdiction to be proper here, this appeal must be dismissed because Felice died during the trial court proceedings, no substitution was effected during those proceedings, and substitution is procedurally improper at this stage. Indeed, no rule allows an appellant to substitute a potential appellee as real party in interest for a deceased party where that party did not die during the pendency of the appeal and proper substitution was not effected at the trial level. In this proceeding, Appellants have cited both to Fed.R.Civ.P. 25(3) and

Fed.R.App.P. 42(a)(1) as a basis to achieve substitution.[9]   However, neither rule

provides an available avenue for the relief requested.

First, Appellants' resort to Fed.R.Civ.P. 25(3) is unavailing as it simply does

not apply to this appeal. Fed.R.App.P. 42(a)(3) provides that where a party dies

"[a]fter the notice of appeal is filed, substitution **must** be in accordance with Rule

43(a)(1)." (Emphasis added.) *See also*, *Air Line Pilots Ass'n Int'l v. Texas Int'l*

*Airlines, Inc.*, 567 F. Supp. 78, 81 (S.D. Tex. 1983) ("Rule 25 … has no

application in appellate courts. Substitution of parties for purposes of appeal is

controlled by [Federal Rules of Appellate Procedure Rule 43].") Rule 43(a)(1), in

turn, and as discussed more fully below, does not provide a method to substitute

for a party that died before judgment in the trial court. Appellants simply may not

seek substitution under Fed.R.Civ.P. 25 while this proceeding is pending in the

court of appeals.

Second, the rule that governs substitutions in appeals, Fed.R.App.P.

42(a)(1), does not provide a basis for relief either. Simply put, there is no provision

in the federal appellate rules for substitution for a party that died prior to entry of

judgment.

Fed.R.App.P. 43(a) provides, in pertinent part, as follows:

---

[9]   See, Appellants' Motion to Substitute Rosemary Felice, the Personal Representative of
Alfred Felice, as the Real Party in Interest, Doc.: 003112025416.

(a) Death of a Party.

    (1) After Notice of Appeal Is Filed. **If a party dies after a notice of appeal has been filed or while a proceeding is pending in the court of appeals**, the decedent's personal representative may be substituted as a party on motion filed with the circuit clerk by the representative or by any party. A party's motion must be served on the representative in accordance with Rule 25. If the decedent has no representative, any party may suggest the death on the record, and the court of appeals may then direct appropriate proceedings.

    …

    (3) Before Notice of Appeal Is Filed—Potential Appellee. If a party against whom an appeal may be taken dies **after entry of a judgment or order in the district court**, but before a notice of appeal is filed, an appellant may proceed as if the death had not occurred. **After the notice of appeal is filed, substitution must be in accordance with Rule 43(a)(1).**

Fed.R.App.P. 43(a) (emphasis added).

    Rule 43(a)(1) applies only "[i]f a party dies after a notice of appeal has been filed or while a proceeding is pending in the court of appeals … ."  It is undisputed that Felice died years before the entry of judgment in the District Court, and certainly not after the notice of appeal was filed and while this matter has been pending before this Court. As such, subsection (a)(1) does not apply.

    Rule 43(a)(3) does not apply either, as it applies only to situations where "a party against whom an appeal may be taken dies after entry of a judgment or order

in the district court, but before a notice of appeal is filed." Again, Felice did not die after the entry of judgment here. As such, no procedural mechanism allows substitution for Felice at this point.

Further, Appellants attempted twice to substitute a personal representative for Felice while this matter was before the District Court, and were denied each time (by Orders dated June 14, 2013 (JAVII 15) and March 7, 2014 (JAVII 19). Appellants did not appeal either order.  Nor did they move to have either order reconsidered. Appellants failed to properly effect substitution at the trial level, and it is too late to do so now.

In sum, substitution can be had before the court of appeals only if the party to be substituted dies after judgment was entered by the district court or after the notice of appeal is filed. Here, it is undisputed that Felice died years before the entry of judgment in the District Court. As such, this court is divested of jurisdiction to allow substitution now. Accordingly, this appeal must be dismissed since there is no proper "appellee" in the place of Felice.

### III.  The District Court properly granted summary judgment in favor of Felice on Kromenhoek's claim for violation of her rights under section 3617 of the federal Fair Housing Act Amendments.

The District Court properly granted summary judgment in favor of Felice on Count IV of Kromenhoek's Second Amended Complaint holding that Felice's

statements posted on an internet blog and emails to other Cowpet residents did not

constitute interference with Kromenhoek's exercise of her rights under the federal

Fair Housing Act Amendments.

Kromenhoek claimed that Felice's conduct violated section 3617 of the

FHAA. Section 3617 of the federal Fair Housing Act Amendments states:

> It shall be unlawful to coerce, intimidate, threaten, or
> interfere with any person in the exercise or enjoyment of,
> or on account of his having exercised or enjoyed, or on
> account of his having aided or encouraged any other
> person in the exercise or enjoyment of, any right granted
> or protected by section 3603, 3604, 3605, or 3606 of this
> title.

42 U.S.C. §3617.

To prevail on a Section 3617 claim, a plaintiff must show that:

> (1) she is a protected individual under the FHA, (2) she
> was engaged in the exercise or enjoyment of her fair
> housing rights, (3) the defendants coerced, threatened,
> intimidated, or interfered with the plaintiff on account of
> her protected activity under the FHA, and (4) the
> defendants were motivated by an intent to discriminate.
> East-Miller, 421 F.3d at 563. **"Interference" is more
> than a "quarrel among neighbors" or an "isolated act
> of discrimination," but rather is a "pattern of
> harassment, invidiously motivated."** *Halprihn*, 388
> F.3d at 330; cf. *DiCenso*, 96 F.3d at 1006; *Honce v. Vigil*,
> 1 F.3d 1085, 1090 (10th Cir. 1993).

*Bloch v. Frischholz*, 587 F.3d 771, 783 (7th Cir. 2009) (emphasis added).

Kromenhoek alleged that statements Felice posted on the Cowpet Bay West Blog, an internet blog, interfered with her exercise of her rights under the Fair Housing Act Amendments ("FHAA").  JAVII 284-285.  Kromenhoek also alleged that Felice sent personal emails to Cowpet residents designed to intimidate, threaten, and scare her from pursuing a reasonable accommodation that would allow her to have a dog on the premises, in violation of her rights under the FHAA. JAVII 284-285.

At the hearing held on May 27, 2014, the Court instructed the parties to submit any necessary information for the Court to resolve the claims against Felice. JAVII 2517-2518.  Later, on November 14, 2014, the District Court expressly informed Kromenhoek's attorney that it was considering *sua sponte* granting summary judgment on behalf of Felice and provided Kromenhoek with an opportunity to respond.[10]  JAVI 175.  Kromenhoek failed to provide any evidence (or counter-statement of material facts relevant to summary judgment) in response to the District Court's invitations.  On December 24, 2014, the District Court *sua sponte* entered summary judgment in favor of Felice.  JAVI 166-186.

In entering *sua sponte* summary judgment in favor of Felice, the District Court considered evidence presented with Felice's co-Defendants' summary

---

[10] As a matter of procedure, Kromenhoek does not take issue with the District Court's granting of *sua sponte* summary judgment in favor of Felice.

judgment motions, which included emails written by Felice and print outs of all Cowpet Bay West Blog postings that in any way discussed or referred to the dog dispute.  JAVII 1900-1954.  After examining these materials, the District Court noted that Felice "sought a strictly enforced no-dog policy and attempted to secure the election of Board members who would support the policy he desired," specifically opposing "Kromenhoek's candidacy for the Board because she had a dog," and "suggested more than once that violators of the no-dogs policy should be ostracized from the community."  JAVI 178-179.  The District Court concluded that "Felice's conduct is better characterized as a quarrel between neighbors or isolated acts of discrimination than conduct violating Section 3617." JAVI 181.  The District Court further concluded that "Felice's suggestion that the community ostracize dog owners, including Kromenhoek, or boycott business establishments, does not violate Section 3617." JAVI 181.

In short, Section 3617 does not require that neighbors interact in a friendly manner. To hold otherwise would extend the reach of Section 3617 to conduct the law was never intended to address, and would have the effect of demeaning the aims of the Act and the legitimate claims of plaintiffs who have been subjected to invidious and hurtful discrimination and retaliation in the housing market. *Sporn v. Ocean Colony Condominium Assoc.*, 173 F.Supp.2d 244, 251-52 (D.N.J. 2001). This same cautionary approach is applicable in this matter – mere disagreements

and petty disputes do not rise to the level of interference with rights protected by the FHAA.

The Appellant's Brief devotes a single paragraph of argument to challenging the District Court's grant of summary judgment to Felice.[11] This limited argument is unavailing. Without providing citations to the record, Kromenhoek primarily re-states (and re-characterizes) the evidence that the District Court catalogued in its opinion, and simply disagrees with its conclusion, without meaningfully addressing the cases cited therein or the District Court's fundamental reasoning.

Additionally, Kromenhoek suggests—for the very first time on appeal—that Felice "assert[ed] that Ms. Kromenhoek's mental illness will result in her harming others[.]"[12] This was not a fact considered by the District Court in its decision. Kromenhoek also fails to provide a record citation for it.  Kromenhoek also asserts—again for the very first time on appeal—that "Felice's voting on a by-law amendment should be classified as a direct violation of Section 3617."[13] These matters may not be considered on appeal.

Indeed, issues raised for the first time on appeal ordinarily are not considered on appeal.  *Harris v. City of Philadelphia*, 35 F.3d 840, 845 (3d Cir. 1994); *Zobrest v. Catalina Foothills School Dist.*, 509 U.S. 1, 8-9 (1993)(Appellate

---

[11] See Appellants' Brief at pages 21-22.
[12] See Appellants' Brief at page 21.
[13] See Appellants' Brief at page 22.

courts will not consider legal theories on appeal of an order granting summary judgment if they were not first presented to or considered by the district court.) Arguments or theories of the case not before the trial court (either explicitly or implicitly) will not be considered on appeal. *Steam Press Holdings, Inc. v. Hawaii Teamsters & Allied Workers Union, Local 996*, 302 F.3d 998, 1006 (9th Cir. 2002). "This rule serves to ensure that legal arguments are considered with the benefit of a fully developed factual record, offers appellate courts the benefit of the district court's prior analysis, and prevents parties from sandbagging their opponents with new arguments on appeal." *Dream Palace v. County of Maricopa*, 384 F.3d 990, 1005 (9th Cir. 2004).

Moreover, this Court has declined to consider *facts* introduced for the first time on appeal. *Bollman Hat Co. v. Root*, 112 F.3d 113, 117 FN 2 (3d Cir. 1997), *citing Harris*, *supra,* 35 F.3d at 845 (declining to consider facts where "the parties' stipulations of fact, which were the sole factual basis for the district court's decision on summary judgment, do not contain facts necessary to support this argument."). *See also United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990)(finding that facts and documents not before the district court ordinarily are not considered by the appellate court when reviewing the appealed order or judgment). As such, for these reasons, Kromenhoek must be precluded from raising arguments, issues, and facts not before the District Court. Even if this

Court were to consider those arguments, they must fail for the same reasons articulated in the District Court's decision.

In short, the FHAA is not intended to encompass ordinary quarrels among neighbors, which is the only way to characterize the communications between Felice and Kromenhoek. *See, e.g.*, *Sporn*, 173 F.Supp.2d at 251 ("Section 3617 does not, however, purport to impose a code of civility on those dealing with individuals who have exercised their FHA rights. Simply put, § 3617 does not require that neighbors smile, say hello or hold the door for each other.")

For all of the foregoing reasons, the District Court did not err in granting summary judgment in favor of Felice.

## IV. The District Court did not err in finding that Walters' federal claims did not survive her death.

The District Court did not err in applying 42 U.S.C. §1988 and the Virgin Islands survival statute to hold that Plaintiff Barbara Walters' federal claims under the FHAA did not survive her death on April 22, 2014, which occurred during the pendency of this matter before the District Court.  JAVI 13-22.[14]

The Fair Housing Act contains no provisions addressing the survival of claims, nor is there any Third Circuit precedent addressing survival of claims under the Fair Housing Act or the amendments thereto. Instead, the District Court's

---

[14] Counsel for Walters has substituted Barbara Walters' daughter, Liana Walters Revock, in her stead as Appellant herein.

analysis was guided by the language of Title 42 United States Code, section 1988(a), the current version of which states in pertinent part as follows:

> (a) Applicability of statutory and common law
>
> The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of titles 13, 24, and 70 of the Revised Statutes for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause … .

42 U.S.C. §1988.

The Supreme Court of the United States has counseled that though federal civil rights statutes typically failed to instruct on the survivability of actions

> [s]tate statutes governing the survival of state actions do exist, however. These statutes, which vary widely with regard to both the types of claims that survive and the parties as to whom survivorship is allowed, *see* W. Prosser, Law of Torts 900–901 (4th ed. 1971), were intended to modify the simple, if harsh, 19th-century common-law rule: "[A]n injured party's personal claim was [always] extinguished . . . upon the death of either the injured party himself or the alleged wrongdoer." *Moor v. County of Alameda, supra*, at 702 n. 14, 93 S. Ct.

> at 1792; *see Michigan Central R. Co. v. Vreeland*, 227
> U.S. 59, 67, 33 S.Ct. 192, 194, 57 L.Ed.2d 417 (1913).
> Under § 1988, this state statutory law, modifying the
> common law, provides the principal reference point in
> determining survival of civil rights actions . . . .

*Robertson v. Wegmann*, 436 U.S. 584, 589-90 (1978).  *See also*, *Scott v. Univ. of Delaware*, 601 F.2d 76, 81 n.8 (3d Cir. 1979) (Where the Civil Rights Acts of 1866 and 1871 failed to provide guidance on the survivability of actions, the Third Circuit has instructed "the federal courts [to] seek guidance from state survival acts provided they are not inconsistent with the policies underlying the federal statutes.") abrogated on other grounds by *EF Operating Corp. v. Am. Bldgs*., 993 F.2d 1046 (3d Cir. 1993).

While section 1988(a) by its express language is limited to the provisions of titles 13, 24 and 70 of the Revised Statutes, federal courts have broadly applied section 1988(a) as applicable generally to "civil rights" claims, and have not limited its application to only those recited provisions of the Revised Statutes. *See Miller v. Apartments & Homes of New Jersey, Inc.*, 646 F.2d 101, 107-08 (3d Cir. 1981).

Pursuant to section 1988, the Virgin Islands survival statute should be applied to this action "so far as the same is not inconsistent with the Constitution and laws of the United States… ."  Whether local law is consistent with federal law is determined by examination of the particular federal statute, and the policies

expressed in the statute. *Robertson*, 436 U.S. at 590-91. The policy underlying the Fair Housing Act is to "provide, within constitutional limitations, for fair housing throughout the United States." 42 U.S.C. § 3601. *See also*, *Community House, Inc. v. City of Boise, Idaho,* 2012 WL 3686001 at *4 (D. Idaho 2012) (The underlying policies expressed in the FHA are "to deter unlawful discriminatory conduct with respect to housing and provide compensation to those injured.")  However, as stated by the Supreme Court, "[t]he goal of compensating those injured by a deprivation of rights provides no basis for requiring compensation of one who is merely suing as the executor of the deceased's estate." *Robertson*, 436 U.S. at 592. The Supreme Court has further found that state law is not inconsistent with federal law simply because it causes a plaintiff to lose on his claim. *Id.* at 593.

After finding that section 1988 required resort to the Virgin Islands survival statute, the District Court concluded that the Virgin Islands survival statute dealing with survival of tort actions would govern.[15] JAVI 21 ("After due consideration of the issues raised herein, the Court is persuaded that tort law is the area of law most analogous to civil rights law in these circumstances.")  That statute provides, in pertinent part, that

> [a] thing in action arising out of a wrong which results in physical injury to the person or out of a statute imposing liability for such injury shall not abate by reason of the

---

[15] Appellant does not take issue with this finding.

> death of the wrongdoer or any other person liable for damages for such injury, nor by reason of the death of the person injured or of any other person who owns any such thing in action.

5 V.I.C. § 77. Since no injury is alleged here, the District court correctly concluded that Appellant's action under the FHAA does not survive under Virgin Islands law.

In sum, under Section 1988, resort to federal common law is only justified in those circumstances where local law is inconsistent with federal law. Here, there is no such inconsistency. The FHAA's underlying policies of deterring unlawful discrimination in housing is not served by the pursuit of a claim for damages against Felice as Felice is not a housing provider and is deceased. Further, Appellant here (Liana Walters Revock) was not injured by a deprivation of rights and is "merely suing as the executor of the deceased's estate." Thus the aims of the FHAA are not served by compensating her here. Finally, the fact that the plaintiff loses as the result of application of Virgin Islands law does not make Virgin Islands law inconsistent with federal law.

For all of the foregoing reasons, the District Court did not err in applying 42 U.S.C. §1988 and the Virgin Islands tort survival statute to hold that Walters' federal claims did not survive her death. As such, the District Court's judgment in this respect should be affirmed.

## V.    The District Court properly exercised its discretion in declining to exercise supplemental jurisdiction over Appellants' local law claims.

A district court has supplemental jurisdiction over state claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. §1367. However, the court may decline to exercise jurisdiction over such claims if the "district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §1367.  The decision to exercise supplemental jurisdiction is reviewed for abuse of discretion, "focusing on whether the dismissal of the pendent claims best serves the principles of judicial economy, convenience, fairness, and comity." *Annulli v. Panikkar,* 200 F.3d 189, 202 (3d Cir.1999).

Here, the District Court properly exercised its discretion by declining to exercise supplemental jurisdiction over Appellants' local law claims after dismissing of their federal claims.  JAVI 24-25; 159-161; 183.   The District Court did not abuse its discretion as it acted in accordance with federal law.[16] Accordingly, the District Court's decision should be affirmed.

---

[16] In their brief, Appellants do not provide any argument that the District Court abused its discretion here, and did not take issue with the District Court's reasoning for declining jurisdiction articulated in its decisions.  As such, Appellants should be foreclosed from asserting any such argument in their Reply as the same would deprive Felice of a meaningful opportunity to reply to the same.

## <u>CONCLUSION</u>

For the foregoing reasons, Alfred Felice, deceased, respectfully requests that this Court dismiss the instant appeal for lack of jurisdiction and/or for Appellants' failure to substitute a proper appellee.  Should this Court retain jurisdiction, Felice respectfully requests that this Court affirm the District Court's December 24, 2014 and January 2, 2015 decisions granting judgment in his favor, affirm the District Court's finding that Walters' claims did not survive her death pursuant to 42 U.S.C. § 1988 and Virgin Islands law, and affirm the decision of the District Court to decline to exercise supplemental jurisdiction over the Appellants remaining state law claims.

Dated: January 14, 2016

Respectfully submitted,

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
9300 S. Dadeland Boulevard, 4th Floor
Miami, Florida 33156
Tel: (305) 670-1101
Fax: (305) 670-1161


By: */s/ Kyle R. Waldner*
Kyle R. Waldner, Esq.
kwaldner@qpwblaw.com
V.I. Bar No.:  1038

*Counsel for*
*Alfred Felice, deceased*

## <u>CERTIFICATE OF BAR MEMBERSHIP</u>

The undersigned counsel hereby certifies that he is a member of the Bar of the United States Court of Appeals for the Third Circuit.

/s/ Kyle R. Waldner
Kyle R. Waldner, Esq.

## <u>CERTIFICATE OF COMPLIANCE RE: WORD COUNT</u>

Pursuant to Fed.R.App.P. 32(a)(7)(C)(i) counsel certifies that this brief is in compliance with the 14,000 typed-volume limitation of Rule 32(a)(7)(B)(i). The instant brief is 9,439 words in length.

/s/ Kyle R. Waldner
Kyle R. Waldner, Esq.

## <u>CERTIFICATE OF COMPLIANCE RE: E-BRIEF</u>

Counsel hereby certifies that the text of the E-Brief and the text of the hard-copy briefs are identical.

/s/ Kyle R. Waldner
Kyle R. Waldner, Esq.

## <u>CERTIFICATE OF COMPLIANCE RE: VIRUS CHECK</u>

Counsel certifies that he has performed a virus scan on the E-Brief using Symantec Anti-virus software and no viruses were detected.

/s/ Kyle R. Waldner
Kyle R. Waldner, Esq.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 14th day of January, 2016, I caused:

1.    Pursuant to L.A.R. Misc. 113.1, *et seq*., an electronic original copy of Felice's Brief to be filed via ECF.  Seven (7) paper copies of Felice's Brief will be delivered in five (5) business days via Federal Express to the Clerk, United States Court of Appeals for the Third Circuit, 21400 U.S. Courthouse, 601 Market Street, Philadelphia, PA, 19106;

2.    Pursuant to Fed.R.App.P. 25(c)(1)(D), L.A.R. 25.1(b), and L.A.R. Misc. 113.2(c) and 113.4(a), an electronic copy of Felice's Brief to be filed and served via ECF, and a true and correct paper copy of Felice's Brief to be mailed via United States Postal Service, postage pre-paid, to:

> Karin A. Bentz, Esq.
> kbentz@virginlaw.com
> Law Offices of Karin A. Bentz, P.C.
> 5332 Raadets Gade #3
> St. Thomas, VI 00802
>
> Richard P. Farrelly, Esq.
> rfarrelly@bdhlawvi.com
> Birch de Jongh & Hindels, PLLC
> 1330 Taarneberg
> St. Thomas, VI 00802
>
> William T. Boyd, Esq.
> tboyd@boydlawgroup.com
> Joseph G. Riopelle, Esq.
> jriopelle@boydlawgroup.com
> Boyd Richards Parker & Colonnelli, P.L.
> Rivergate Tower Suite 1150
> 400 N. Ashley Drive
> Tampa, FL 33602

John H. Benham, Esq.
john@benhamlawvi.com
Law Office of John H. Benham, P.C.
V.I. Bar No. 130
No. 1001 Frederiksberg Gade
P.O. Box 11720
St. Thomas, VI 00801-4720

Mark J. Gross, Esq.
Mark.L.Gross@usdoj.gov
April J. Anderson, Esq.
April.Anderson@usdoj.gov
United States Dept. of Justice
Civil Rights Division, Appellate Section
Ben Franklin Station
P.O. Box 14403
Washington, DC 20044-4403

/s/ Kyle R. Waldner
Kyle R. Waldner, Esq.